| | | |
|---|---|---|
| IN RE: | : | |
| EMILY RENEE PUTT, | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | CASE NO.  1:26-BK-00140-HWV |
| | : | |
| EMILY RENEE PUTT, | : | |
| Respondent | : | |

### TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 26th day of February 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1.      Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. The Trustee requests proof of the $200/month voluntary child support payments.
   b. The Debtor work from home but claims $710/month for transportation.

2.      Debtor(s)' Plan violates 11 U.S.C. § 1332(b)(1) in that the Plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the Plan provides for payment of:

   a. Transfer(s)/payment(s) to third parties

3.      Debtor(s) Plan violates 11 U.S.C. § 1325(a)(3) in that it has not been proposed in good faith. The Trustee requests all documentation associated with the Debtor's transfer of a 2022 Toyota 4Runner that occurred near the time of her petition.

4.      Schedule B lacks description. ($95/month vehicle insurance expense listed on Schedule J, but the debtor does not own a vehicle). The Debtor testified at her Meeting of Creditors

that she transferred a 2022 Toyota 4Runner to her sister in January 2026. It is unclear whether the transfer occurred pre or post petition.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a.  Deny confirmation of Debtor(s)' Plan.
    b.  Dismiss or convert Debtor(s)' case.
    c.  Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 26th day of February 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:


KARA K GENDRON
MOTT & GENDRON LAW
125 STATE STREET
HARRISBURG, PA 17101-


/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee